U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL 14 P 12: 29

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ERIC-MICHAEL GRAVEL,                )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )          Case No. 2:25-cv-407
                                    )
JOSIE HENRY,                        )
                                    )
        Defendant.                  )

## SUPPLEMENTAL ORDER
### (Doc. 61)

The court received Mr. Gravel's reply (Doc. 64) in support of his July 1, 2026, "Notice Regarding Conduct of Defense Counsel" (Doc. 61) after issuing an Order on July 13, 2026 (Doc. 64) denying the relief requested in Document 61. The court has considered the reply and concludes that it does not alter the July 13 decision. Mr. Gravel cites no authority prohibiting Attorney Farnham from representing the County of Grand Isle on matters related (or unrelated) to the remaining claim in this case. Rule 1.2 of the Vermont Rules of Professional Conduct concerns the scope of an attorney's representation, but there is no basis to doubt that Attorney Farnham's representation of any current or former parties in this case exceeds the scope of representation.

Mr. Gravel states that he has requested records documenting Attorney Farnham's authority to represent the County. (Doc. 64 at 2.) The court expects that the County will respond to that request as appropriate. Currently in this case, there is no basis to order production of any representation agreement for judicial scrutiny. The court is satisfied that Attorney Farnham's representation—under the obligations imposed by Fed. R. Civ. P. 11—

establishes, at minimum, his apparent authority to represent the County and County officials and employees regarding Mr. Gravel's public records requests.

Mr. Gravel and Attorney Farnham have different recollections or characterizations of their interaction on June 2, 2026. According to Mr. Gravel, he was at the County Clerk's office on that date "in his capacity as a journalist to review original signature documents and to ask County Clerk Susan Bohannon questions about how she facilitates the registration and maintenance of those documents." (Doc. 61 at 2; *see also* Doc. 64 at 2–3.) But Mr. Gravel's purported credentials as a journalist do not grant to him any special access to information that is not publicly available. *See Pell v. Procunier*, 417 U.S. 817, 833 (1974) ("[T]he First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally.").

Mr. Gravel has rights under Vermont's Public Records Act ("PRA"), 1 V.S.A. §§ 315–320. But those rights do not authorize Mr. Gravel to dictate precisely how the responding agency complies with records requests. Where, as here, a public official states directly or through her attorney that she declines a meeting or an interview, a journalist generally has no recourse. *See Pell*, 417 U.S. at 833. The County Clerk is the custodian of various records under state law, *see, e.g.*, 24 V.S.A. § 178, but the PRA does not require records custodians to meet personally with individuals requesting records. Mr. Gravel cites no authority prohibiting the custodian from delegating to an agent or attorney the responsibility of responding to an individual's public records requests. *See generally Pease v. Windsor Dev. Rev. Bd.*, 2011 VT 103, ¶ 19, 190 Vt. 639, 35 A.3d 1019 (mem.) (PRA "custodian" has "power to release or communicate public records" (quoting *Mintus v. City of W. Palm Beach*, 711 So.2d 1359, 1361

2

(Fla. Dist. Ct. App. 1998 (per curiam))). None of the assertions or arguments in Mr. Gravel's reply memorandum support granting any of the relief requested in his filing of July 1, 2026.

In addition to the reasons stated in the July 13 Order, the court also denies Mr. Gravel's July 1 motion for failure to comply with Local Rule 7(a)(7). That rule applies to all litigants except those who are both incarcerated and representing themselves. The court reminds Mr. Gravel of his obligation under Local Rule 7(a)(7) to confer with opposing counsel and attempt to narrow or eliminate disputes before filing any non-dispositive motions in this case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of July, 2026.

Geoffrey W. Crawford, Judge
United States District Court

3